Case 1:21-cr-00571-RC   Document 1-1   Filed

Case: 1:21-mj-00345
Assigned to: Judge Meriweather, Robin M.
Assign Date: 3/30/2021
Description: COMPLAINT W/ARREST WARRANT

**STATEMENT OF FACTS**

Your affiant, Jacob Pina, is a Uniformed Division officer with the United States Secret Service. As a Uniformed Division officer, I am authorized by law to engage in the protection of persons and property that include the President, the Vice President, and their immediate families, the White House, the Treasury Department, and foreign diplomatic missions located in the metropolitan area of the District of Columbia. I am authorized to carry firearms, execute warrants, and make arrests without warrant for offenses against the United States committed in my presence. As a Secret Service Uniformed Division officer, I also have privileges and powers similar to those of the members of the Metropolitan Police of the District of Columbia.

On March 29, 2021 at approximately 2:06 PM, while operating a United States Secret Service police car and in full police uniform, I was dispatched to respond to 2920 Cathedral Ave. NW, Washington, D.C. 20008 in response to a report of an unwanted guest at the Ambassador's Residence at that location. The residence is attached to the Switzerland Embassy.

Upon arrival, a female employee of the embassy greeted me and other officers. Switzerland's Ambassador also approached us and stated that an individual, later identified by his Oregon identification card as Christian David Mandeville refused to leave the premises. The Ambassador conveyed his concerns that the individual would get further inside the embassy. The Ambassador said that the individual would likely be alarmed once we entered. He then directed us to the front and side entrances of the residence. I entered the residence with the Ambassador. Upon entering, Mandeville attempted to run farther into the building. The Ambassador put his hands out to stop Mandeville, but Mandeville used his arms to knock away the Ambassador's arms. Mandeville then used his body to try and push his way past the Ambassador. His actions pushed the Ambassador backward.

I attempted to detain the subject and push him to the ground, but he continued to pull away and fight against me. With additional law enforcement assistance, I was able to take Mandeville to the ground. Mandeville refused to present his hands and pulled his hands inward, reaching towards the area of his waistband. I sustained abrasions on my forearm from the altercation.

The Ambassador later notified us that Mandeville had a backpack. Mandeville acknowledged that he had a bag on the other side of the fence. The backpack was declared suspicious and resulted in the temporary closure of the area around the Ambassador's residence until it was appropriately cleared.

Upon review of surveillance and camera footage, Mandeville was seen inside the residence and was initially stopped by an embassy employee. The employee was seen in video standing between Mandeville and the rest of the residence. As Mandeville approached the employee, the employee put out his arms and tried to stop Mandeville. Mandeville then grabbed at his wrist to push the employee away. The employee then tried to grab Mandeville, but Mandeville continued to push the employee, attempting to get around him. The embassy employee identified himself to law enforcement with Switzerland identification and was further identified by the Ambassador as one of his employees.

Mandeville was placed under arrest and transported to Metropolitan Police Department 2nd District for processing.

Based on the foregoing, your affiant submits that there is probable cause to believe that Christian Mandeville violated 18 U.S.C. § 112(a), which makes it a crime to assault, strike, wound, imprison, or offer violence to a foreign official, official guest, or internationally protected person or make any other violent attack upon the person or liberty of such person.

For purposes of 18 U.S.C. § 112(a), a "foreign official" means (A) a Chief of State or the political equivalent, President, Vice President, Prime Minister, Ambassador, Foreign Minister, or other officer of Cabinet rank or above of a foreign government or the chief executive officer of an international organization, or any person who has previously served in such capacity, and any member of his family, while in the United States; and (B) any person of a foreign nationality who is duly notified to the United States as an officer or employee of a foreign government or international organization, and who is in the United States on official business, and any member of his family whose presence in the United States is in connection with the presence of such officer or employee.

For purposes of 18 U.S.C. § 112(a), an "Internationally protected person" means (A) a Chief of State or the political equivalent, head of government, or Foreign Minister whenever such person is in a country other than his own and any member of his family accompanying him; or (B) any other representative, officer, employee, or agent of the United States Government, a foreign government, or international organization who at the time and place concerned is entitled pursuant to international law to special protection against attack upon his person, freedom, or dignity, and any member of his family then forming part of his household.

Your affiant submits there is also probable cause to believe that Mandeville violated 18 U.S.C. § 111(a)(1), which makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with certain designated persons while engaged in or on account of the performance of official duties. For purposes of 18 U.S.C. § 111(a)(1), designated persons include any officer or employee of the United States or of any agency in any branch of the United States Government while such officer or employee is engaged in or on account of the performance of official duties.

Finally, your affiant submits there is probable cause to believe that Mandeville violated 22 D.C. Code § 3302(a)(1), which makes it a crime to, without lawful authority, enter, or attempt to enter, any private dwelling, building, or other property, or part of such dwelling, building, or other property, against the will of the lawful occupant or of the person lawfully in charge thereof, or being therein or thereon, without lawful authority to remain therein or thereon shall refuse to quit the same on the demand of the lawful occupant, or of the person lawfully in charge thereof.

_____
OFFICER JACOB PINA
UNITED STATES SECRET SERVICE

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 30th day of March 2021.

_____
ROBIN M. MERIWEATHER
U.S. MAGISTRATE JUDGE