**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 1:21-mj-345** |
| | : | |
| **CHRISTIAN MANDEVILLE,** | : | |
| | : | |
| **Defendant.** | : | |

**STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA**

### I.   Summary of the Plea Agreement

The defendant, Christian Mandeville ("Mandeville"), agrees to plead guilty to a criminal Information, charging him with Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1), Intimidation of a Foreign Official, in violation of 18 U.S.C. § 112(b) and one count of Unlawful Entry, in violation of 22 D.C. Code 3302(a)(1).

### II.   Elements of the Offense

The essential elements of the offense of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1), each of which the government can prove beyond a reasonable doubt, are:

1.   The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with the victim;

2.   The defendant did so forcibly;

3.   The defendant acted intentionally;

4.   The defendant did so while the victim was engaged in the performance of official duties;

5.    The victim was an officer and employee of the United States or of any agency in any

branch of the United States Government (including any member of the uniformed services).

The essential elements of the offense of Intimidation of a Foreign Official, in violation of 18 U.S.C. § 112(b), each of which the government can prove beyond a reasonable doubt, are:

1. The defendant intimidated, threatened, or harassed the victim;

2. The victim was a foreign official, official guest, or internationally protected person; and

3. The defendant did such act willfully.

The essential elements of the offense of Unlawful Entry, in violation of 22 D.C. Code 3302(a)(1), each of which the government can prove beyond a reasonable doubt, are:

1. The defendant entered or attempted to enter a private dwelling, building, or other property or part of such private dwelling, building, or other property;

2. The defendant entered, or attempted to enter the property voluntarily, on purpose, and not by mistake nor accident;

3. He did so without lawful authority;

4. The entry or attempt to enter was against the will of the lawful occupant or the person lawfully in charge of the premises; and

5. The defendant knew or should have known that s/he was entering against that person's will.

**III.    Penalties for the Offenses**

The penalty for Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1),), is as follows:

(A)     a maximum sentence of one year of imprisonment;

(B)     a fine of $100,000 pursuant to 18 U.S.C. § 3571(b)(3);

(C)     a term of supervised release of not more than one year;

Pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2018), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

The penalty for Intimidation of a Foreign Official, in violation of 18 U.S.C. § 112(b), is as follows: a maximum sentence of not more than 6 months, a fine up to $5,000, or both as a Class B misdemeanor.

The penalty for Unlawful Entry, in violation of 22 D.C. Code 3302(a)(1), is as follows: a maximum sentence of not more than 180 days, a fine up to $1,000, or both.

## IV.   **Brief Statement of Facts**

Had this case gone to trial, the government's evidence would prove the following beyond a reasonable doubt:

On March 29, 2021 at approximately 2:06 PM, U.S. Secret Service officers were dispatched to respond to 2920 Cathedral Ave. NW, Washington, D.C. 20008, in response to a report of an unwanted person at the Swiss Ambassador's residence at that location. The residence of the Swiss Ambassador is adjacent to the Swiss Embassy. The complex is surrounded by fencing and has signs posted marking it as private property.

The Swiss Ambassador to the United States met law enforcement upon their arrival and stated that an individual, later identified by his Oregon identification card as Christian David Mandeville, refused to leave the premises. The Ambassador conveyed his concerns that the individual would get farther inside the embassy and that the individual would likely be alarmed once law enforcement entered. He then directed law enforcement to the front and side entrances

of the residence. Officer Jacob Pina, a uniformed officer with the United States Secret Service, entered the residence with the Ambassador. Upon entering, Mandeville attempted to run farther into the building. The Ambassador put his hands out to stop Mandeville, but Mandeville used his arms to knock away the Ambassador's arms. Mandeville then used his body to try and push his way past the Ambassador. His actions pushed the Ambassador backward.

Officer Pina attempted to detain the subject and push him to the ground, but Mandeville continued to pull away and fight against Officer Pina. With additional law enforcement assistance, Officer Pina was able to take Mandeville to the ground. Mandeville refused to present his hands and pulled his hands inward, reaching towards the area of his waistband. Officer Pina sustained abrasions on his forearm from the altercation.

Review of camera footage and witness statements revealed that Mandeville initially rang at the gate, but was denied entry. A short time later, an embassy employee encountered Mandeville inside the residence. The employee was seen in video standing between Mandeville and the rest of the residence. As Mandeville approached the employee, the employee put out his arms and tried to stop Mandeville. Mandeville then grabbed at his wrist to push the employee away. The employee then tried to grab Mandeville, but Mandeville continued to push the employee, attempting to get around him. The embassy employee later identified himself to law enforcement with Switzerland identification and was further identified by the Ambassador as one of his employees.  Mandeville entered the residence of the Swiss Ambassador against the will of the lawful occupant or the person lawfully in charge thereof.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists

a sufficient legal basis for the defendant's plea of guilty to the charged crime. This Statement of

the Offense fairly and accurately summarized and describes some of the defendant's actions and

involvement in the offense to which he is pleading guilty.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By: _____
TARA RAVINDRA
D.C. Bar No. 1030622
Assistant United States Attorney
Federal Major Crimes Section
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Tara.Ravindra@usdoj.gov
(202) 252-7672

## DEFENDANT'S ACCEPTANCE

I have read this Statement of Offense and carefully reviewed every part of it with my attorney, Carlos Vanegas. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of Offense and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this Statement of Offense. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.


Date: 8/10/21                    _Christian mandeville_
                                 Christian Mandeville
                                 Defendant


I have read this Statement of Offense and carefully reviewed it with my client and discussed it fully. I concur in my client's agreement with, and acceptance of, this Statement of Offense.


Date: 8/12/21                    _Carlos Vanegas_
                                 Carlos Vanegas
                                 Attorney for Defendant